IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                  Criminal No. 99-1239 LH

THOMAS MILHOLLAND,

    Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Defendant's Letter of January 9, 2001, herein construed as Motion for Return of Property (Doc. 50). On March 28, 2001, the Honorable C. LeRoy Hansen, United States District Judge, referred this Motion pursuant to 28 U.S.C. § 636 (b)(1)(B). The United States Magistrate Judge, having considered the Motion, Response, record, applicable law, and being otherwise fully informed, finds that the Motion is not well-taken and recommends that it be **DENIED**.

### PROPOSED FINDINGS

1.    Defendant was arrested on April 26, 1999, and charged with one count of possession with intent to distribute more than 50 kilograms of marijuana and aiding and abetting in violation of 21 U.S.C. § 841 (b)(1)(c) and 18 U.S.C. § 2. Defendant entered a pre-indictment plea. On April 4, 2000, Defendant was sentenced to 27 months incarceration, to be followed by three years of supervised release, and a special penalty assessment of $100.00. Defendant is currently serving his sentence at FCI La Tuna, in Anthony, Texas.

2.    Defendant seeks the return of a day planner that contained his social security card,

forklift operator's permit, and phone numbers.  Defendant states that he needs these items to find employment when he is released and that the DEA can white out the one phone number he pointed out at the time of his arrest.  The Government responds that these items have either been returned to Plaintiff or have been destroyed.  On April 3, 2001, an Order was issued, requiring Defendant to file any reply to the Government's response by May 4, 2001.  Plaintiff has failed to file a reply.

3. The Tucker Act, 28 U.S.C. § 1346(a), authorizes actions for recovery of money judgments, but not suits for equitable relief, against the United States. *Richardson v. Morris*, 409 U.S. 464, 465 (1973).  Because Defendant seeks return of his property, and not money damages, his letter is not herein construed as a claim under the Tucker Act.  The Court expresses no opinion as to whether Defendant would be able to bring a claim under the Tucker Act for damages incident to the taking of his property.

4. Because it requests the return of property seized at the time of his arrest, Defendant's letter falls appears to fall under Federal Rule of Criminal Procedure 41(e).  This Rule provides: "A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such  person is entitled to lawful possession of the property." FED. R. CIV. P 41(e).  A motion for return of property based on Rule 41(e) is governed by equitable principles. *Floyd v. United States*, 860 F. 2d 999, 1002-03 (10th Cir.1988).  Accordingly, the inquiry under Rule 41(e) focuses on whether the claimant has shown a lack of an adequate remedy at law or whether he has demonstrated irreparable injury absent an Order for the return of the property. *Id.*; *Clymore v. United States*, 164 F. 3d 569, 571 (10th Cir. 1999).

5. The Government has submitted documents establishing that various items, including

a Texas driver's license, a black portfolio, medication, clothing, a small stereo and cassette tapes, were returned to Defendant on April 24 and 30, 1999.  (Gov.'s Exs. 1 and 2.)  Additional items, including a Social Security Card, were placed with Defendant at the detention center on April 24, 1999.  (Gov. Ex. 3.)  The Government has submitted a copy of a 1997 Powered Industrial Truck Operator's Permit issued to Defendant that expired in October 1998. (Gov. Ex. 4.)  The Government states that it cannot account for the current whereabouts of the expired operator's permit. (Resp. at 2 .)  On May 15, 2000, the Government destroyed Defendant's written statement, address book with miscellaneous papers, consent to search form, miscellaneous receipt, and fictitious temporary tag. (Gov. Ex. 5.)   Because the record indicates a black portfolio was returned to Defendant and that the Government placed Defendant's Social Security card with him at the detention center, the only items at issue are the missing expired truck operator's permit and the destroyed phone book.

6. Defendant has failed to establish that he is entitled to this Court's equitable jurisdiction because he has shown neither irreparable harm nor an inadequate remedy at law.  *See Floyd*, 860 F. 2d at 1002-03; *Clymore*, 164 F. 3d at 571.  Defendant has failed to show how the loss of the expired truck operators permit could cause him irreparable injury, or that he would be unable to obtain a replacement permit.  Similarly, Defendant has failed to establish that he would be unable to regain any legitimate business contacts that were in the phone book through his associates or telephone company listings.  Defendant is not entitled to an equitable remedy because he has failed to demonstrate that irreparable harm resulting from the deprivation either of the expired permit or the phone book.

7. Furthermore, Defendant admits that at least one of the phone numbers in his phone book was related to the criminal investigation, indicating that the phone book may have been used to commit  a crime.  "[H]e who seeks equity must do equity." *Herald Co. v. Seawell*, 472 F. 2d

3

1081, 1099 (10th Cir. 1972). Because the phone book may have been used to facilitate criminal activities, Defendant would not be entitled to its return under Rule 41(e).

## RECOMMENDED DISPOSITION

I recommend that Defendant's Letter of January 9, 2001, herein construed as Motion for Return of Property (Doc. 50), be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**